**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

U.S. SENATOR FRANK R. LAUTENBERG
POST OFFICE AND U.S. COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

**LETTER ORDER**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:     <u>Perez v. Verizon</u>
        No. 04-5247

Dear Parties:

On May 23, 2005, Plaintiff, Cathy Perez and Defendants, Verizon, Met Life, and Unum Insurance Company of America, appeared before Magistrate Judge Madeline Cox Arleo for a settlement conference. The parties purportedly agreed to settle Plaintiff's claims for long term disability benefits for $40,000.00. Accordingly, on May 24, 2005, the Court entered an order dismissing the case due to the settlement. Plaintiff subsequently refused to execute a formal settlement agreement. She claimed that her attorney, Paul Wurm, Esq., essentially accepted the settlement on her behalf without her consent. Plaintiff claimed that although she told Judge Arleo that she understood and accepted the settlement, she did not really understand that she could reject the settlement after Mr. Wurm indicated her acceptance.[1]

Defendants filed a motion to enforce the settlement and Plaintiff responded with a cross-motion to vacate the Court's order dismissing the case. Plaintiff claimed that the Court's order should be vacated pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6) due to Plaintiff's mistake and inadvertence in accepting the settlement. The Court referred these motions to Magistrate Judge Arleo for a Report and Recommendation ("R&R").

**I.     The Magistrate Judge's Findings**

Judge Arleo issued a R&R on April 24, 2006 recommending that the Court grant Defendants' motion to enforce the settlement entered into on May 23, 2005 and deny Plaintiff's motion to vacate the Court's order dismissing the case. This R&R is memorialized in the transcript of Judge Arleo's April 13, 2006 hearing on the above-referenced motions.

In summary, Judge Arleo found that the parties entered into a binding agreement on May 23, 2005 to settle Plaintiff's claims for $40,000.00, which was substantially more than the $28,742.00 that Defendants believed Plaintiff's claims were worth. She found that Mr. Wurm

---

[1] Mr. Wurm filed a motion to withdraw as Plaintiff's counsel on October 24, 2005, which was ultimately granted. Plaintiff then retained Susan Adler, Esq. to represent her interests.

accepted the offer on Plaintiff's behalf.  Judge Arleo also indicated that she asked Plaintiff, off-the-record, if she understood and accepted the settlement offer to which she indicated that she did.  Judge Arleo stated that she had no reason to doubt Plaintiff's representations because she attended several settlement conferences in the matter and actively participated in the last two conferences.

On July 12, 2005, Judge Arleo received a letter from Mr. Wurm indicating that Plaintiff wanted to make certain changes to the settlement agreement, which Judge Arleo found to be minor and collateral to the substance of the settlement.  Plaintiff first informed Judge Arleo that she was declining the substance of the settlement offer by letter dated September 10, 2005.  Based on the foregoing, Judge Arleo determined that Plaintiff voluntarily entered into a binding settlement agreement with Defendants to settle the case for $40,000.00 and that her subsequent "change of heart" did not justify vacating the Court's order dismissing the case.  Judge Arleo also considered and denied Defendants' request for attorneys' fees.

## II.    Plaintiff's Written Objections

Plaintiff filed timely written objections to Judge Arleo's R&R pursuant to Local Civil Rule 72.1(c)(2).[2]  She claims that the Court should decline to adopt Judge Arleo's recommendations because (1) Judge Arleo erred in ignoring the fact that Ms. Perez had been abandoned by her former attorney, Mr. Wurm; (2) Judge Arleo made no findings as to whether Plaintiff accepted the language of the proposed settlement agreement; and (3) Judge Arleo erred in relying upon Defendants' statement as to the value of Plaintiff's policy at issue in the case.  Plaintiff also requested that Judge Arleo's denial of Defendants' request for attorneys' fees be reflected in the R&R.

## III.    Legal Discussion

Pursuant to Rule 72.1(c)(2), the Court must "make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  The Court has reviewed the R&R and Plaintiff's objections to the R&R.  For the following reasons, the Court adopts Judge Arleo's R&R as the opinion of this Court.

State law governs the enforcement of settlement agreements in federal court.  See, e.g., Moss v. McDonald's Corp., No. 03-5000, 2006 WL 680985, at *4 (D.N.J. 2006); Excelsior Ins. Co. v. Pennsbury Pain Center, 975 F. Supp. 342, 349 (D.N.J. 1996).  A settlement agreement between parties is a contract and, like all contracts, may be freely entered into absent fraud or other compelling circumstances.  See Zuccarelli v. Dep't of Envir. Prot., 741 A.2d 599, 604 (N.J.

---

[2]  Pursuant to Plaintiff's request for an extension of time in which to file her objections to the R&R, the Court permitted Plaintiff to file her objections by May 22, 2006.

Super. Ct. App. Div. 1999) (citing Pascarella v. Bruck, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983)).

Traditional contract law principles provide that " a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms." See, e.g., Excelsior Ins. Co., 975 F. Supp. at 349; see also United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) ("That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms."); Hagrish v. Olson, 603 A.2d 108, 109 (N.J. Super. Ct. App. Div. 1992) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party."). An oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing. See Pascarella v. Bruck, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div. 1983); Bistricer v. Bistricer, 555 A.2d 45, 47-48 (N.J. Super. Ct. Ch. Div. 1987). As long as the "basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." Hagrish, 603 A.2d at 110; see also Lightman, 988 F. Supp. at 458 ("a contract is formed where there is an offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty").

In New Jersey, there is a strong public policy in favor of settlement. See, e.g., Borough of Haledon v. Borough of North Haledon, 817 A.2d 965, 975 (N.J. Super. Ct. App. Div. 2003); Zuccarelli, 741 A.2d at 604. Considering New Jersey public policy, courts should "strain" to uphold settlements. See Bistricer, 555 A.2d at 49. Accordingly, as indicated above, courts will not interfere with a settlement agreement "absent a demonstration of fraud or other compelling circumstances." Zuccarelli, 741 A.2d at 604 (quoting Pascarella v. Bruck, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983)).

Pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6), the Court may vacate a previous order or judgment if the moving party shows mistake, inadvertence, or any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1), (b)(6). Relief from judgment under Rule 60(b) should only be granted in exceptional circumstances. See, e.g., Logan v. Am. Contract Bridge League, No. 04-4428, 2006 WL 565654, at *2-3 (3d Cir. Mar. 9, 2006).

None of Plaintiff's objections warrant a rejection of the Magistrate Judge's findings. The Court holds, in accordance with the Magistrate Judge's decision and with New Jersey law, that on May 23, 2005, Plaintiff outwardly manifested her intent to settle her claims against Defendants for $40,000.00. Not only did Plaintiff specifically inform Judge Arleo that she understood and accepted the settlement at that time, but she was an active participant in the settlement discussions concerning her lawsuit and, on May 23, 2005, admittedly asked the Court questions about the settlement. See R&R Transcript at 36:4-8.

The case law is clear that at that point, a binding contract was formed between the parties, despite the fact that they had not executed a written settlement agreement. Plaintiff and Defendants agreed to the essential terms of the settlement, namely, that Plaintiff would forgo her

claims against Defendants in exchange for $40,000.00.  This is supported not only by Plaintiff's own admission that she agreed to the settlement on May 23, 2005, but by her correspondence to Mr. Wurm.  She did not formally indicate her dissatisfaction with the essential terms of the settlement until she sent a letter to Judge Arleo on September 10, 2005 over three months after the May 23, 2005 conference.  In her July 12, 2006 letter to Mr. Wurm, Plaintiff expressed no dissatisfaction with the substance of the settlement, namely, her promise to forgo her claims against Defendants in exchange for $40,000.00.  Instead, she suggested changes to certain collateral provisions in the proposed settlement agreement.

The proposed changes that Plaintiff suggested in her July 12, 2005 letter to Mr. Wurm, were clearly, to quote the Magistrate Judge, "really collateral points" that did not affect the validity of the settlement.  See R&R Transcript at 11:10 - 12:18, 14:1-22.  Plaintiff wanted to change a typographical error in the listed street address for her primary residence.  She further wanted to eliminate from the document (1) various references to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. including ERISA references in a "whereas" clause and in the contract's "governing law" clause; (2) the clause stating that the amount of settlement was to essentially remain confidential; and (3) the "further assurances" clause which states that the parties agree to execute further documents if necessary to fully effectuate the settlement agreement.  Also, Plaintiff appears to insert the following language on the document:  "[t]here should be in writing a 30 day window or definite date from all parties to have a check to client."  Nowhere does Plaintiff take issue with the essential terms of the contract, namely that she agreed to release her claims in exchange for $40,000.00.  In fact, the additional language Plaintiff proposes indicates that she is relatively anxious to receive her $40,000.00 check.

Therefore, Plaintiff's first two objections are irrelevant to the Court's disposition.  As Judge Arleo noted, Mr. Wurm clearly participated in numerous settlement discussions on Plaintiff's behalf and negotiated the May 23, 2005 settlement, which Plaintiff herself accepted.  Whether or not Mr. Wurm abandoned Plaintiff after the parties entered into a binding settlement is irrelevant.  As stated by Judge Arleo:

> even under Miss Perez's own testimony, if she had told her lawyer [Mr. Wurm] a week later or three days later I don't want this settlement any – any more . . . it still wouldn't change the analysis under the case law that is before me.  Because the case law makes clear that if there's an agreement by – by the parties, whether the change is made three months or a week later the analysis is the same.

R&R Transcript at 53:20 - 54:2.[3]

---

[3] The Court notes that in any event, contrary to Plaintiff's contentions, this situation is clearly distinguishable from the wholesale abandonment present in Boughner v. Sec'y of Health, Ed. and Welfare, U.S., 572 F.2d 976 (3d Cir. 1978).  Not only did Mr. Wurm participate in the extensive settlement negotiations in this matter, but he promptly informed the Court of Plaintiff's

4

Further, Plaintiff's objection that Judge Arleo failed to make any findings as to whether Plaintiff accepted the language of the proposed settlement agreement is also immaterial. Based on the foregoing law, Plaintiff's assent to the essential terms of the agreement was binding. Her subsequent disagreement with certain of the terms in the proposed settlement agreement does not justify a finding that the settlement is unenforceable and that the Court's order dismissing the case should be vacated. See Hagrish, 603 A.2d at 109-110 (upholding agreement to settle matter for $7,000.00 in exchange for plaintiffs' agreement to forgo appeal because, despite parties' later disagreement on collateral issue, parties reached settlement agreement on essential terms); Pascarella, 462 A.2d at 191 (upholding oral agreement to settle case for $25,000.00 even though parties later disagreed to certain aspect of written form of agreement); see also Bistricer, 555 A.2d at 48-49 (upholding settlement agreement where parties orally agreed to essential terms but later disagreed as to certain particulars in the written agreement).

Additionally, Plaintiff's claim that Judge Arleo erred in relying upon Defendants' statement as to the value of Plaintiff's policy in reaching her conclusions does not justify the rejection of the Magistrate Judge's findings. In recommending that the settlement be enforced, Judge Arleo did not expressly rely on the fact that the agreed upon value of the settlement, namely $40,000.00, was significantly in excess of Defendants' estimation of the value of Plaintiff's claims, namely $28,742.00. Instead, she expressly relied on Plaintiff's own representations that she understood the settlement and agreed to accept it. The Magistrate Judge merely mentioned the discrepancy between the settlement amount and Defendants' value of the settlement to reinforce her conclusion that Plaintiff, who was shown Defendants' calculations, agreed to the settlement.[4] Further, during the Court's April 13, 2006 hearing, Plaintiff made no mention of her assertion that her claims were worth $800,000.00.[5]

---

potential disagreement with the settlement agreement after receiving her July 12, 2005 letter. Further, Plaintiff's assertion that Mr. Wurm did not contact her at all between July 12, 2005 and September 1, 2005 is clearly contradicted by the record. Mr. Wurm submitted to the Court a letter dated August 5, 2005 addressed to Plaintiff in which he states:

> [w]hen I returned your telephone message of yesterday morning, you told me that you would be faxing a letter to me by 5:00 pm yesterday. I have just returned to the office and it appears that no fax has arrived from you. If you previously faxed the letter, please refax. I am awaiting receipt of your letter.

[4] Judge Arleo stated: "I note, as I noted earlier, that the amount [sic] was offered was in excess of the amount that Defendant calculated would be due to Miss Perez after – if – if the Verizon policy applied as Defendants claim it would." R&R Transcript at 52:24 - 53:2.

[5] To the extent that Plaintiff is arguing that the $40,000.00 settlement price was grossly inadequate consideration for her promise to forgo her claims, this argument is rejected. See Pascarella v. Bruck, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983) ("[C]ourts will not

Accordingly, the Court finds that in accordance with the findings in the R&R, the settlement must be enforced and the Court's order dismissing the case shall remain in full force and effect.  This case clearly does not present the type of exceptional circumstance which would warrant the Court's interference with the parties' settlement or the requisite mistake or inadvertence to justify the extraordinary remedy of vacating the Court's order dismissing this case.  As the New Jersey Appellate Division stated in Pascarella, "the bargain was clearly struck."  See Pascarella, 462 A.2d at 191  Plaintiff's subsequent change of heart does not violate her specific agreement to settle her case for $40,000.00.  Were the Court to find otherwise, the courts would be flooded with indecisive plaintiffs and as a result, contrary to the public policy of New Jersey, few settlement agreements would survive.  See Pascarella, 462 A.2d at 191 ("If later reflection were the test of the validity of such an agreement, few contracts of settlement would stand."); Bistricer, 555 A.2d at 49 (discussing the concern that invalidating settlement agreements based on "second thoughts" would increase the "growing backlogs of our New Jersey courts").

On a final note, Plaintiff requests that Judge Arleo's denial of Defendants' request for attorneys fees be reflected in the R&R.  Apparently, although Judge Arleo stated at the April 13, 2006 hearing that Defendants' request for attorneys fees was denied, the Court's order dated April 21, 2006 providing the recommendation does not include this provision. There has been no objection to the Magistrate Judge's finding that Defendants are not entitled to attorneys fees.  Accordingly, the Court adopts Judge Arleo's conclusion in this regard.  Given Judge Arleo's express language denying Defendants' fees in the R&R and Court's adoption of this finding, the Court sees no need for formally amending Judge Arleo's April 21, 2006 order.

Thus, based on the foregoing, this matter is hereby closed.

**SO ORDERED.**

Date:   June 28, 2006                                                          /s/ JOEL A. PISANO
                                                                               United States District Judge

Original:   Clerk
cc:         Judge Arleo
            All Parties
            File

---

ordinarily inquire into the adequacy or inadequacy of the consideration underlying a compromise settlement fairly and deliberately made . . . .  Plaintiff's bare assertion . . . that she considered $25,000 'a cheap price tag on [her] health' . . . suggests a layman's afterthought and no more.").